IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br>JENSEN, JEFFREY MARK<br>JENSEN, MARILYN ANN<br>LLC, THE EXCHANGE<br><br>Debtor(s) | CHAPTER 7 CASE<br><br>CASE NO. 06-06455 SPS<br><br>JUDGE Susan Pierson Sonderby |

## TRUSTEE'S FINAL REPORT

To: THE HONORABLE Susan Pierson Sonderby
BANKRUPTCY JUDGE

NOW COMES EUGENE CRANE, Trustee herein, and respectfully submits to the Court and to the United States Trustee his/her Final Report and Account in accordance with 11 U.S.C. §704(9).

1. EUGENE CRANE was appointed as the Chapter 7 trustee ("Trustee"). The Petition commencing this case was filed on 06/05/06. The Trustee was appointed on 06/05/06. An order for relief under Chapter 7 was entered on 06/05/06. The Trustee's bond in this case is included as part of the Trustee's blanket bond.

2. The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3. The disposition of estate property is set forth in Exhibit B. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

4. A summary of the Trustee's Final Report as of December 31, 2007 is as follows:

    a. RECEIPTS (See Exhibit C)    $ 17,585.76

    b. DISBURSEMENTS (See Exhibit C)    $ 0.00

    c. NET CASH available for distribution    $ 17,585.76

    d. TRUSTEE/PROFESSIONAL COSTS
        1. Trustee compensation requested (See Exhibit E)    $ 2,508.58
        2. Trustee Expenses (See Exhibit E)    $ 0.00

    3. Compensation requested by attorney or other professionals for trustee (See Exhibit F)     $ 7,229.95

5. The Bar Date for filing unsecured claims expired on 04/05/07.

6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee. The actual dollar amount of claims allowed and/or requested for this estate is as follows:

    a. Allowed unpaid secured claims     $ 0.00

    b. Chapter 7 Administrative and 28 U.S.C. §1930 claims     $ 9,738.53

    c. Allowed Chapter 11 Administrative Claims     $ 0.00

    d. Allowed priority claims     $ 0.00

    e. Allowed unsecured claims     $ 70,066.88

7. Trustee proposes that unsecured creditors receive a distribution of 11.20% of allowed claims.

8. Total compensation and expense previously awarded to Trustee's counsel, accountant or other professional was $0.00. Professional's compensation and expense requested but not yet allowed is $7,229.95. The total of Chapter 7 professional fees and expenses requested for final allowance is $7,229.95.

9. A fee of $3,000.00 was paid to Debtor's counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

**WHEREFORE**, the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowances of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.

Dated: January 31, 2008

RESPECTFULLY SUBMITTED,

By: _____
EUGENE CRANE, Trustee
135 S. LaSalle Street, #3705
Chicago, IL 60603
Telephone # (312) 641-6777